# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CAROLYNE ROBBINS-PAGEL, LARRY
PAGEL and DIANE BOZUTTO,**

                       **Plaintiffs,**

**-vs-**                                         **Case No.  6:05-cv-1582-Orl-31DAB**

**WM. F. PUCKETT, INC.,**

                       **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed

herein:

> **MOTION:**     **PLAINTIFF'S MOTION FOR AN ORDER PERMITTING
> COURT SUPERVISED NOTICE TO EMPLOYEES OF
> THEIR OPT IN RIGHTS (Doc. No. 31)**
>
> **FILED:**      **May 31, 2006**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

      Plaintiff Robbins-Pagel sued under the Fair Labor Standards Act (FLSA) for unpaid overtime

compensation she allegedly earned while employed as an hourly paid employee for Defendant, a

grower, shipper and distributor of quality floral greens.  Plaintiff asserts that her work included

"process[ing] incoming orders and creat[ing] promotional material for Defendant's upcoming shows."

(Doc. No. 31-2).  Plaintiff's suit is brought individually and on behalf of others similarly situated who

are and were employed by Defendant during the three years preceding the suit.  Plaintiff seeks conditional certification of a collective action and an order permitting notice to all hourly paid employees employed by Defendant over the last three years who were "subjected to Defendant's corporate practice and policy of misclassifying hourly paid employees as "agriculturally exempt" under the FLSA, and not paying full and proper overtime compensation for all overtime hours worked."  Doc. No. 31 at 2.  Defendant opposes the collective action and notice to other employees because it asserts that the class is defined too broadly and the hourly employees do not have sufficient commonality as to their job descriptions sufficient to justify a collective approach.  Defendant asserts that, as a grower, it employs field hands and packers, as well as drivers and salespeople, and an individual analysis as to each job description and applicable exemptions is necessary.  Doc. No. 43.

Title 29 U.S.C. 216(b) provides a right of action to recover unpaid minimum wages, unpaid overtime compensation, and for other relief if retaliation is at issue.  The Act provides:

> An action to recover the liability [for unpaid overtime] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C.§ 216(b).

As this Court noted in *White v. Kcpar, Inc.*, 2006 WL 1722348 (M.D. Fla. June 20, 2006), the nature of this provision is to provide an "opt-in" procedure, which differs from Rule 23 class action opt-out procedures.  Thus, FLSA plaintiffs may not certify a class under Rule 23. *Prickett v. Dekalb County,* 349 F. 3d 1294 (11th Cir. 2003).  As these actions are "collective actions," not Rule 23 class actions, they are not subject to numerosity, commonality, and typicality requirements, and a named

plaintiff is not entitled to "represent" other plaintiffs in a class sense.  *See Cameron-Grant v. Maxim HealthCare Services, Inc.,* 347 F.3d 1240, 1248-49 (11th Cir. 2003).  The Eleventh Circuit has interpreted the opt-in language as creating additional party plaintiffs for all purposes:

> That plain language indicates that plaintiffs do not opt-in or consent to join an action as to specific claims, but as to the action as a whole. The statute does not indicate that opt-in plaintiffs have a lesser status than named plaintiffs insofar as additional claims are concerned. To the contrary, by referring to them as "party plaintiff[s]" Congress indicated that opt-in plaintiffs should have the same status in relation to the claims of the lawsuit as do the named plaintiffs.

*Prickett,* 349 F.3d at 1297.  The filing of a consent establishes the additional claim for statute of limitations purposes.  Thus, in cases where there are only a few employees with claims, this permissive joinder procedure appears to be used so that the Court can exercise jurisdiction over the opt-in claim to adopt any settlement agreement, if the case is settled early, before a full blown collective action is underway.

Where the "collective class" is numerous, the two-tiered approach set forth in *Hipp v. Liberty Nat'l Life Ins. Co.,* 252 F.3d 1208 (11th Cir. 2001), and its progeny applies.  In summary, this involves a two-stage process to "certify" the collective action: the first determination is the "notice stage," in which the district court makes a determination as to whether notice of the action should be given to potential collective class members.  *Id*. at 1218.  If the district court "conditionally certifies" the collective class, putative members are given notice and a chance to opt in.  *Id*.  The action proceeds as a representative action through discovery.  A second determination is usually made after a motion for "decertification" is made by the employer.  The district court must determine if the plaintiffs are "similarly situated."  *Id*. at 1217.  If so, the action proceeds to trial as a representative action.  If not, the district court "decertifies" the collective class, and the opt-in plaintiffs are

dismissed, without prejudice.  The case proceeds on the individual claims of the original plaintiffs.
*Id*. at 1218.

The Court must determine in this case whether a "similarly situated class" exists pursuant to
29 U.S.C. § 216(b).  *See id*. at 1217.  Plaintiff has filed three affidavits in support, from the original
Plaintiff, and from two opt-in Plaintiffs (Larry Pagel and fellow ex-employee Diane Bozutto).  Doc.
No.31-exhibits.  The three former employees attest – in almost identical affidavits[1] – that they
"performed services and labor directed toward the sales and transportation of Defendant's fern
products;" that they worked in excess of forty hours per work week, and they were not paid time and
one-half the regular rate for hours worked in excess of forty per work week.  *Id.*  All three individuals
attest that they observed that defendant paid "all of my co-employees/laborers in the same regard."

Plaintiff is vague about the size of the putative collective class or the number of (former and
current) employees affected by Defendant's alleged failure to pay overtime.   As a preliminary matter,
"plaintiffs have the burden of demonstrating a reasonable basis for crediting their assertions that
aggrieved individuals existed in the broad class that they proposed."  *Haynes v. Singer Co., Inc.,* 696
F.2d 884, 887 (11th Cir. 1983) (collective class rejected where defendant store employed only four to
six employees).

A showing that others desire to opt in is required before certification and notice will be
authorized by the court.  *Mackenzie v. Kindred Hosps. East, L.L.C.,* 276 F.Supp.2d 1211, 1220 (M.D.
Fla. 2003) (Merryday, J.); *Dybach v. State of Fla. Dep't of Corrections,* 942 F.2d 1562, 1567 (11th Cir.
1991) (representative plaintiff need only show that there are similarly situated individuals who, if

---

[1]Note the cut and paste error evident in the Affidavit of Larry Pagel at paragraph 5.

given notice, may wish to join the action as party plaintiffs). Plaintiff may present evidence of other employees who desire to opt in via affidavits, consents to join the lawsuit, or expert evidence on the existence of other similarly-situated employees. *See Davis v. Charoen Pokphand (USA), Inc.,* 303 F.Supp.2d. 1272, 1277 (M.D. Ala. 2004). "A plaintiff's or counsel's belief in the existence of other employees who may desire to opt in and 'unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify' certification of a collective action and notice to a potential class. *Mackenzie,* 276 F.Supp.2d at 1220 (citing *Haynes*, 696 F.2d at 887); *Horne v. United Servs. Auto. Ass'n,* 279 F.Supp.2d 1231, 1236-37 (M.D. Ala. 2003). Certification of a collective action and notice to a potential class is not appropriate to determine whether there are others who desire to join the lawsuit. *See Mackenzie,* 276 F.Supp.2d at 1220 (citing *Dybach,* 942 F.2d at 1567-68.

Plaintiff has not shown with any specificity that the putative class warrants "collective class" status, considering that the Court has already allowed the two additional individuals to opt-in and join the case as additional named Plaintiffs, and no additional opt-in plaintiff has been identified, despite pendency of the action for ten months. *See Rodgers v. CVS Pharmacy, Inc.*, Case No. 8:05cv770T-27MSS, __ F. Supp. 2d __, 2006 WL 752831, *5 (M.D. Fla. Mar. 23, 2006) (Whittemore, J.) (plaintiff's affidavit and the affidavits of two other co-workers – the only two to file consents to join during the prior year – were insufficient evidence that there were other employees who desired to opt in to lawsuit); *cf. Bell v. Mynt Entm't, LLC,* 223 F.R.D. 680, 683 (S.D. Fla. 2004) (affidavits from seven plaintiffs indicating others desired to opt in and detailing allegations of wage violations were sufficient); *Harper v. Lovett's Buffet, Inc.,* 185 F.R.D. 358, 362-63 (M.D. Ala. 1999) (fifteen affidavits by employees with specific allegations of wage violations were sufficient); *see also Realite*

*v. Ark Restaurants Corp.*, 7 F. Supp.2d 303 (S.D. N.Y. 1998) (thirty-seven named plaintiffs from fifteen restaurants already named); *Belcher v. Shoney's, Inc.*, 927 F. Supp. 249, 252 (M.D. Tenn. 1996) (plaintiff submitted twenty-four affidavits to show a class of employees existed who had been worked "off the clock" by the employer); *Gjurovich v. Emmanuel's Marketplace, Inc.,* 282 F.Supp.2d 101, 104 (S.D. N.Y. 2003) (plaintiff identified by name current or former meat department employees who held the same or similar positions, some with the exact same job titles, who were not paid for overtime).      Further, while Plaintiff alleges that Defendant had a policy of misclassifying all hourly workers as agriculturally exempt, she does not allege that none of the workers at this plant are so exempt.  Indeed, the description of the purported class necessarily includes field hands, growers and packers whose job description may fall well within that exemption.  Although Defendant has the burden of proving entitlement to FLSA's agricultural exemption, the worker has the burden of proving that he or she did non-exempt work.  *Adkins v. Mid-American Growers, Inc.,* 167 F. 3d 355, 359 (7th Cir. 1999) (internal citations omitted).  Thus, analysis of "all" hourly paid employees must be made first, before notification can be made to those "misclassified" as agriculturally exempt.  The Court recommends rejecting this "cart before the horse" approach, as whether an employee was mischaracterized is the seminal issue in the complaint, and Defendant may well have defenses unique to each individual.

     Moreover, Plaintiff's proposed "Notification" letter (Doc. 43-4), to be sent to all similarly situated employees, is defective because it fails to fully inform recipients about the consequences of "opting in."  *See White v. Kcpar, Inc*.,  2006 WL 1722348 (M.D. Fla. June 20, 2006), *citing Belcher v. Shoney's Inc*., 927 F. Supp. 249, 253-55 (M.D. Tenn. 1996) (adding language that opt-in claimants

would have to participate in discovery); and *Gjurovich*, 282 F.Supp.2d at 104 (language explaining opt-in claimants will be responsible for costs and counterclaims).

In conclusion, Plaintiff has failed to show a reasonable basis for crediting her assertion that there are other "aggrieved individuals" existing in the broad class that is proposed, other than the two individuals who have filed consents to join over the last ten months. *See Haynes*, 696 F.2d at 887. It is respectfully **RECOMMENDED** that Plaintiff's Motion for an Order Permitting Court Supervised Notice to Employees of Their Opt-In Rights be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 1, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy